UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK,<br><br>         Plaintiff,<br><br>   v.<br><br>GIBSON'S LANDSCAPE MANAGEMENT, LLC,<br>         Defendant. | Case No. 8:24-cv-01836-FLA (JDEx)<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD JOINTLY AND SEVERALLY LIABLE WITH NON-PARTIES STL GRADING LLC AND MICHAEL WAYNE GIBSON** |

1

## **RULING**

On November 25, 2024, Plaintiff Ameris Bank ("Plaintiff") filed its Motion for Default Judgment (the "Motion") against Defendant Gibson's Landscape Management, LLC ("Defendant" or "GLM").  Dkt 13. ("Mot.").  Plaintiff pleads the following facts in the Complaint.

In or around June 2023, STL Grading LLC ("STL Grading") sought to obtain certain equipment for its business and entered into an Equipment Financing Agreement ("EFA") with Plaintiff to finance the purchase.  Dkt. 1 ("Compl.") ¶¶ 11–12.[1]  Pursuant to the EFA, Plaintiff loaned $137,813.73 to STL Grading, which, in turn, agreed to make 60 monthly payments of $3,215.19 to Plaintiff.  *Id.* ¶ 12.  Concurrent with the execution of the EFA, and to induce Plaintiff to enter into the EFA with STL Grading, GLM executed a Personal Guaranty Agreement ("Guaranty Agreement") to ensure the payment of the existing obligation to Plaintiff.  *Id.* ¶ 18; *see also* Dkt. 1-1 at 8.  GLM has one member, Michael Wayne Gibson ("Gibson").  Compl. ¶ 2.

The last payment Plaintiff received was credited toward the monthly payment due on January 6, 2024.  *Id*. ¶ 13.  On or about February 6, 2024, STL Grading breached the EFA by failing to make the monthly payment due on that date.  *Id.*  Following STL Grading's breach of the EFA, Plaintiff demanded payment from GLM, as set forth under the Guaranty Agreement, and Defendant made five (5) additional full monthly payments of $3,215.19 on February 6, March 6, April 6, May 6, and June 6, 2024, and one (1) partial monthly payment of $2,144.81 on July 6, 2024.  Mot*.* at 8.

Plaintiff initiated this action against Defendant on August 20, 2024, asserting a single cause of action for breach of corporate guaranty.  *See* Compl. ¶¶ 9–23.  In sum,

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

2

Plaintiff alleges Defendant breached its contract by failing to pay the debt owed to Plaintiff under the EFA and Guaranty Agreement. *Id.* The court clerk entered default against GLM on November 18, 2024. Dkt. 12. Plaintiff filed the instant Motion on November 25, 2024, seeking default judgment in the amount of $177,817.22, comprising of $155,785.32 in compensatory damages, $14,511.20 in pre-judgment interest, $6,715.70 in attorney's fees, and $905.00 in costs. Mot. at 9.

Previously, on July 18, 2024, the court granted default judgment in Plaintiff's favor in a related case involving the same facts against STL Grading and Gibson. *Ameris Bank v. STL Grading, LLC, et al.*, Case No. 8:24-cv-00588-FLA (JDEx) ("*Ameris Bank I*"), Dkt. 15. The default judgment was for $187,361.93 in total, comprising of $174,006.08 in compensatory damages, $5,672.73 in pre-judgment interest, $7,080.12 in attorney's fees, and $603.00 in costs. *Id.* at 8–9. The awarded compensatory damages were equal to the amount that remained unpaid under the EFA, excluding the additional payments Defendant made under the Guaranty Agreement. *See* Ngo Decl. ¶¶ 6–7.

Under California law, contractual damages are presumed to be joint and several. *See* Cal. Civ. Code §§ 1659, 1660. Here, if the court were to grant the Motion, Plaintiff would secure what appears to be an improper double recovery since *Ameris Bank I* and the instant action arise from the same events and agreements. *See M&T Cap. and Leasing Corp. v. Freon Logistics*, Case No. 2:23-cv-01171-WBS-CSK, 2025 WL 1100889 (E.D. Cal. Mar. 21, 2025) (denying a motion for default judgment due to the possibility of double recovery); *see also Sorayama v. Robert Bane Ltd. Inc.*, 380 F. App'x 707, 709 (9th Cir. 2010) (recognizing plaintiff is not entitled to recover twice for the same harm).

Accordingly, the court ORDERS Plaintiff to SHOW CAUSE in writing, within fourteen (14) days from the date of this Order, why the court should not find STL Grading, Michael Wayne Gibson, and GLM jointly and severally liable for any potential default judgment owed to Plaintiff. Plaintiff also should explain why the

3

default judgment in *Ameris I* should not be modified to account for the additional payments Defendant made under the Guaranty Agreement. Plaintiff's response shall be limited to ten (10) pages in length. As Plaintiff is the party seeking default judgment, Plaintiff's failure to respond timely and adequately to this Order may result in denial of the Motion.

    IT IS SO ORDERED.

Dated: May 5, 2025

                                        FERNANDO L. AENLLE-ROCHA
                                        United States District Judge